## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **THE SAUCY CRAB GRAND RAPIDS, INC.** d/b/a **THE SAUCY CRAB**, a Michigan corporation, and **JIXI QUI**, an individual, <br><br> Defendants. | ) ) ) ) ) ) Case No. 1:23-cv-754 ) ) ) ) ) ) ) ) |

## COMPLAINT

Plaintiff, **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, (the "Secretary") brings this action to enjoin and restrain Defendants **THE SAUCY CRAB GRAND RAPIDS, INC.** d/b/a **THE SAUCY CRAB**, a Michigan corporation, and **JIXI QUI**, an individual (collectively, "Defendants"), from violating the provisions of Sections 203(m)(2)(B), 206, 207, 211, and 215(a)(2) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA" or the "Act"), pursuant to Section 217 of the Act; and to recover unlawfully kept tips and unpaid minimum wage and overtime compensation owed to Defendants' employees together with an equal, additional amount as liquidated damages pursuant to Section 216(c) of the Act.

### JURISDICTION AND VENUE

1. Jurisdiction in this action is conferred upon the Court by Sections 216(c) and 217 of the FLSA (29 U.S.C. §§ 216(c), 217) and 28 U.S.C. § 1345.

2. Venue is proper in the United States District Court for the Western District of Michigan because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## THE PARTIES

3. Plaintiff **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, is vested with the authority to file suit to restrain violations of the FLSA and to recover withheld tips, back wages, and liquidated damages, and is the proper plaintiff for this action.

4. Defendant **THE SAUCY CRAB GRAND RAPIDS, INC.** d/b/a **THE SAUCY CRAB** ("The Saucy Crab") is a Michigan corporation that operates a full-service restaurant at 5039 28th Street SE, Grand Rapids, Michigan, within the jurisdiction of this Court. The Saucy Crab employs employees who work as wait staff, bartenders, cooks, and dishwashers and set those employees' method of compensation, policies regarding compensation, and hours worked by those employees.

5. Defendant **JIXI QUI** is an individual and owner of The Saucy Crab. At all times relevant, **JIXI QUI** was engaged in business within this judicial district, acting directly or indirectly in the interest of The Saucy Crab employees. **JIXI QUI** is an employer within the meaning of 29 U.S.C. § 203(d) because he exercised operational control over the business, supervised employees, determined pay practices, and had the authority to hire and fire employes of The Saucy Crab.

## DEFENDANTS ARE AN ENTERPRISE ENGAGED IN COMMERCE

6. At all times material, Defendant **THE SAUCY CRAB GRAND RAPIDS, INC.** d/b/a **THE SAUCY CRAB** was engaged in related activities performed through unified operation

or common control for a common business purpose and was an enterprise within the meaning of Section 203(r) of the FLSA.

7.     At all times material, Defendant **THE SAUCY CRAB GRAND RAPIDS, INC.** d/b/a **THE SAUCY CRAB** was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA, in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

## DEFENDANTS' WAGE AND HOUR PRACTICES

8.     From August 16, 2020 to at least October 29, 2022 (the "Investigation Period"),[1] Defendants repeatedly and willfully violated Sections 203(m)(2)(B), 206, 207, 211, and 215(a)(2) of the FLSA by improperly including managers, cooks, and dishwashers in a tip pool, failing to pay employees for all hours worked, failing to pay employees at least one and one-half times their regular rates of pay for all hours worked over 40 in a workweek, and failing to make and maintain accurate records required under the FLSA and its corresponding regulations. Therefore, Defendants are liable for tips and wages owed to these employees and an equal amount in liquidated damages.

---

[1] If Defendants continued to violate the FLSA after the Investigation Period, then the allegations and conditions of pay and employment disclosed are incorporated herein by reference, and Defendants may owe additional back wages and liquidated damages to employees.

<u>Defendants Kept Employees' Tips in Violation of Section 203(m)(2)(B) of the FLSA</u>

9. Defendants repeatedly and willfully violated the provisions of Section 203(m)(2)(B) of the FLSA by operating an invalid tip pool and improperly keeping employees' tips.

10. Defendants compensated front-of-the-house servers and bartenders through a mandatory tip pooling arrangement.

11. Defendants improperly kept employees' tips by allowing Defendant **JIXI QUI** to participate in the tip pool.

12. Defendant **JIXI QUI** owned and worked as a manager at The Saucy Crab during the Investigative Period.

13. While working as a manager, Defendant **JIXI QUI** participated in the tip pool, from which he received tips.

14. While working as a manager, Defendant **JIXI QUI**'s primary duty was to manage The Saucy Crab.

15. Defendant **JIXI QUI**'s duties included hiring, firing, and supervising two or more employees and collecting the pooled tips from servers and distributing the pooled tips among employees.

16. Defendants improperly kept tips by allowing at least six back-of-the-house cooks and dishwashers (non-tipped employees) to participate in the tip pool.

17. At all times material, Defendants' cooks and dishwashers worked in the kitchen preparing food and washing dishes and did not interact with customers.

18. Nonetheless, during the Investigative Period, at least six of Defendants' back-of-the-house cooks and dishwashers participated in the tip pool, form which they received tips.

### Defendants Failed to Pay Employees the FLSA Minimum Wage

19. Defendants repeatedly and willfully violated the provisions of Sections 206 and 215(a)(2) of the FLSA by failing to pay approximately 26 employees the required minimum wage under the Act.

20. Applying the tips employees received from the tip pool, Defendants took a tip credit toward their FLSA minimum wage obligations for front-of-the-house employees and paid less than the federal minimum wage rate of $7.25 per hour.

21. Because Defendants improperly kept tips as set forth in Paragraphs 9 to 14 above, the tip pool at The Saucy Crab violated the FLSA.

22. As the tip pool at The Saucy Crab violated the Act, Defendants were not entitled to take a tip credit toward their FLSA minimum wage obligations.

23. Without the tip credit, Defendants failed to pay front-of-the-house employees at The Saucy Crab the minimum wage required by Section 206 of the FLSA.

24. Defendants also failed to pay the minimum wage due under the FLSA to at least one employee, a back-of-the-house cook, who performed work as a full-time cook but was never paid for his work.

25. Defendants further failed to pay three employees minimum wages for all hours worked when these employees were not paid in full for their hours worked.

26. Defendants also made illegal deductions from servers' pay for uniforms, aprons, name tags, and lost items such as crab crackers, scissors, and oyster forks, resulting in employees receiving less than the minimum wage required by Section 206 of the FLSA.

<u>Defendants Failed to Pay Employees the Required FLSA Overtime Premium</u>

27. Defendants repeatedly and willfully violated the provisions of Sections 207 and 215(a)(2) of the FLSA by employing approximately seven employees for workweeks longer than 40 hours without compensating said employees for hours in excess of 40 in a workweek at rates not less than one and one-half times the regular rate at which they were employed.

28. Defendants paid or promised to pay cooks a flat salary for all hours worked, with no additional overtime compensation.

29. Defendants also paid servers at their regular rates for all hours worked, with no additional overtime compensation.

30. Defendants also shorted at least two servers' overtime hours, thus failing to pay those workers all overtime compensation due.

<u>Defendants Failed to Maintain Records Required by the FLSA</u>

31. Defendants repeatedly and willfully violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA when they failed to make, keep, and preserve adequate and accurate records as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516.

32. Specifically, Defendants failed to keep adequate and accurate records of the regular hourly pay, hours worked each workday and each workweek, total daily and weekly straight time earnings, and total premium pay for overtime for at least half of its staff over the Investigation Period.

33. Additionally, Defendants failed to keep any employment records, including records of rates of pay and hours worked, of at least two cooks employed during the Investigative Period.

6

## COUNT ONE
### Violations of Section 203(m)(2)(B) of the FLSA – Employers Retaining Tips

34. The Secretary incorporates by reference and re-alleges all of the foregoing allegations of this Complaint.

35. Since August 16, 2020, Defendants violated Section 203(m)(2)(B) of the FLSA by requiring servers to participate in an invalid tip pool in which Defendants unlawfully kept server tip contributions for a purpose other than to distribute to employees who customarily and regularly receive tips within the meaning of Section 203(t) of the FLSA. Because Defendants unlawfully kept servers' tips, they violated Section 203(m)(2)(B) of the Act.

36. Specifically, Defendants violated Section 203(m)(2)(B) of the FLSA by including at least six non-tipped back-of-the-house cooks and dishwashers in the tip pool.

37. Additionally, Defendants violated Section 203(m)(2)(B) of the FLSA by including Defendant **JIXI QUI**, an owner and manager, in the tip pool.

38. Therefore, Defendants are liable for the sum of any tip credit taken by the employer, all tips unlawfully kept from certain employees listed in the attached Exhibit A.

39. During the period since August 16, 2020, Defendants repeatedly and willfully violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of improperly kept tips found by the Court to be due to current and former employees under the Act is expressly authorized by Section 217 of the FLSA.

## COUNT TWO
### Violations of Sections 206 and 215(a)(2) of the FLSA – Failure to Pay Minimum Wage

40. The Secretary incorporates by reference and re-alleges all of the foregoing allegations of this Complaint.

41. Defendants have violated the provisions of Sections 206 and 215(a)(2) of the FLSA by paying employees' wages at rates less than the applicable minimum wage under the FLSA.

42. Since August 16, 2020, Defendants violated the provisions of Sections 206 and 215(a)(2) by: (1) including an owner/manager and back-of-the-house employees in the tip pool when they are not customarily or regularly tipped employees, thereby invalidating the tip credit; (2) not compensating all hours worked by certain employees; (3) making illegal deductions from servers' pay for uniforms, aprons, name tags, and lost items; and (4) never paying at least one cook.

43. Therefore, Defendants are liable for minimum wage compensation owed to certain of the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 216(c) of the FLSA.

44. During the period since August 16, 2020, Defendants repeatedly and willfully violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of minimum wages found by the Court to be due to current and former employees under the Act is expressly authorized by Section 217 of the FLSA.

**COUNT THREE**
**Violations of Sections 207 and 215(a)(2) of the FLSA – Failure to Pay Overtime**

45. The Secretary incorporates by reference and re-alleges all of the foregoing allegations of this Complaint.

46. Defendants violated the provisions of Section 207 and 215(a)(2) of the FLSA by: (1) employing employees for workweeks longer than 40 hours without compensating them at rates not less than one and one-half times the regular rates at which those employees were employed for

hours worked in excess of 40 hours in such workweeks; and (2) failing to compensate, all overtime hours worked by certain employees.

47. Therefore, Defendants are liable for overtime compensation owed to certain of the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 216(c) of the FLSA.

48. During the period since August 16, 2020, Defendants repeatedly and willfully violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of overtime wages found by the Court to be due to current and former employees under the Act is expressly authorized by Section 217 of the FLSA.

## COUNT FOUR
### Violations of Sections 211(c) and 215(a)(5) of the FLSA – Failure to Make and Keep Records

49. The Secretary incorporates by reference and re-alleges all of the foregoing allegations of this Complaint.

50. Defendants failed to keep true and accurate records of the wage paid to and hours worked by each of their non-exempt employees in violation of Section 211 of the FLSA and the regulations thereunder, specifically 29 C.F.R. § 516.

## PRAYER FOR RELIEF

**WHEREFORE**, cause having been shown, Plaintiff respectfully requests this Court enter judgment against Defendants as follows:

A. For an Order pursuant to Section 217 of the FLSA, permanently enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

      B.      For an Order pursuant to Section 216(c) of the FLSA, finding Defendants liable for tips unlawfully taken, for unpaid minimum wage and overtime compensation, and for liquidated damages equal in amount to the tips taken and unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages, tips, and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint); or, in the event liquidated damages are not awarded;

      C.      For an Order pursuant to Section 217 of the Act, enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of improperly retained tips and unpaid overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

      D.      In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

      E.      For an Order awarding Plaintiff the costs of this action; and

      F.      For an Order granting any other relief as the Court deems equitable and just.

Date: July 14, 2023                                    Respectfully Submitted,

                                                                       **SEEMA NANDA**
                                                                       Solicitor of Labor

| | |
|---|---|
| U.S. Department of Labor<br>Office of the Solicitor<br>230 S. Dearborn Street, Suite 844<br>Chicago, Illinois 60604<br>Tel.: 312.353.1218<br>Fax: 312.353.5698<br>Email: jenkins.haley.r@dol.gov | **CHRISTINE Z. HERI**<br>Regional Solicitor<br><br>*/s/ Haley R. Jenkins*<br>**HALEY R. JENKINS**<br>Trial Attorney |

| | |
|---|---|
| U.S. Department of Justice<br>Chief Civil Division<br>U.S. Attorney's Office<br>Grand Rapids, Michigan<br>Tel.:  616.456.2404<br>Email: ryan.cobb@usdoj.gov | **RYAN COBB**<br>Local Counsel<br><br>Attorneys for **JULIE A. SU**,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br>Plaintiff |

**EXHIBIT A**

1. Castillo, Viridana
2. Clark, Ashanti
3. Clarke, Torin
4. Collins, Melissa
5. Cook, Alexis
6. Corey, Eric
7. Flowers, Ahmya
8. Gonzales, Nelda
9. Hunter, Autumn
10. Lake, Sam
11. Le, Khai
12. Leahy, Alexandra,
13. Masanta Santiago
14. McGee, Crystal
15. Meza, Agustin
16. Montgomery, Jeannie
17. Murry, Kristine
18. Navarro, Nautica
19. Poe, Trevon
20. Russell, Andrew
21. Stevens, Destiny
22. Sweet, LaRonde
23. Tekeste, Bana
24. Turnbull-Jackson, Deja
25. Vogel, Tiesha
26. Walton, Brooklyn
27. Williamson, Asher
28. Wilson, Deasia