UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **THE SAUCY CRAB GRAND RAPIDS, INC.** *et al.*, <br><br> Defendants. | Case No. 1:23-cv-00754-RJJ-RSK <br><br> Hon. Robert J. Jonker <br> Mag. Judge Ray S. Kent |

### ACTING SECRETARY OF LABOR'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO APPROVE CONSENT JUDGMENT

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), submits this memorandum of law in support of the Acting Secretary's unopposed motion to approve the parties' proposed, signed consent judgment ("Consent Judgment"), submitted in connection with the motion.

### BACKGROUND

On July 14, 2023, the Acting Secretary filed a Complaint against Defendants The Saucy Crab Grand Rapids, Inc. d/b/a The Saucy Crab and Jixi Qiu ("Defendants"), alleging repeated and willful violations of the minimum wage, overtime, and recordkeeping provisions of the Fair Labor Standards Act of 1938 ("FLSA" or "Act"), 29 U.S.C. §§ 201 *et seq.*, and seeking an injunction, pursuant to 29 U.S.C. § 217, as well as back wages and liquidated damages, pursuant to 29 U.S.C. § 216. (ECF No. 1, PageID.1). The Acting Secretary and Defendants have resolved this matter as set forth in the Consent Judgment (attached as Exhibit 1) and seek the Court's approval and entry of that judgment. For the reasons set forth below, the Acting Secretary respectfully requests the Court approve the Consent Judgment.

## **ARGUMENT**

Consent judgments are "cloaked with a presumption of validity" and voluntary settlements are favored as a policy matter. *U.S. v. Grand Rapids, Mich.*, 166 F.Supp. 2d 1213, 1219 (W.D. Mich. Aug. 11, 2000); *see also Dalley v. Mich. Blue Cross/Blue Shield, Inc.*, 612 F. Supp. 1444 (E.D. Mich. June 26, 1985). "[T]he court must not rubberstamp the agreement, but also must not substitute its own judgment for that of the parties to the decree." *U.S. v. Cty. of Muskegon*, 33 F. Supp. 2d 614, 620–21 (W.D. Mich. Dec. 16, 1998), *aff'd,* 298 F.3d 569 (6th Cir. 2002) (citing *U.S. v. Akzo Coatings of Am., Inc.,* 949 F.2d 1409, 1435 (6th Cir. 1991)); *U.S. v. Jones & Laughlin Steel Corp.,* 804 F.2d 348 (6th Cir. 1986)).

In reviewing a proposed consent judgment involving an enforcement agency, such as the Department of Labor, courts consider whether it is fair, reasonable, and consistent with the statute. *Pedreira v. Sunrise Children's Servs., Inc.*, 802 F.3d 865, 872 (6th Cir. 2015); *U.S. v. Lexington-Fayette Urban County Gov't*, 591 F.3d 484, 489 (6th Cir. 2010); *U.S. v. Jones & Laughlin Steel Corp.*, 804 F.2d 348, 351 (6th Cir. 1986); *Potris v. Sec'y of Dep't of Homeland Sec.*, 161 F.Supp.3d 534 (E.D. Mich. Dec. 18, 2015). When a proposed consent judgment includes injunctive relief, courts must also find the "public interest would not be disserved." *S.E.C. v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014) (quoting *eBay, Inc. v. MercExchange*, 547 U.S. 388, 391 (2006)).

The District Court also has authority to maintain jurisdiction over the case for the purposes of enforcing compliance with the order. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-81 (1994) (a district court can retain jurisdiction to enforce a settlement or consent agreement with the consent of the parties, provided it issues an order mandating compliance with the consent agreement).

The Consent Judgment is fair, reasonable, and consistent with the statute, and serves the public interest.

**I.    Fairness**

To determine the fairness of a consent judgment, courts have considered several factors: "the strength of the plaintiff's case, the good faith efforts of the negotiators, the opinions of counsel, and the possible risks involved in the litigation if the settlement is not approved." *Lexington-Fayette Urban County Gov't*, 591 F.3d at 489 (quoting *Jones & Laughlin Steel Corp.*, 804 F.2d at 351).

Here, the Consent Judgment is the result of good faith settlement negotiations between the Parties over the course of several months. The outcome is fair in light of the strength of the Acting Secretary's case, the risks of trial to all parties, and the advantages of obtaining immediate monetary relief for Defendants' employees who will receive back wages and liquidated damages under the Consent Judgment, as well as immediately enjoining Defendants from further FLSA violations.

**II.    Reasonableness**

Courts evaluating a proposed consent judgment for reasonableness have considered the following criteria: (1) the nature and extent of the issues; (2) the degree to which the remedy will adequately address the issues; (3) possible alternatives for remedying the issues; and (4) the extent to which the decree furthers the goals of the statute. *Akzo Coatings*, 949 F.2d at 1436 (involving a consent decree in the environmental context). "[T]he function of the reviewing court is not to substitute its judgment for that of the parties to the decree but to assure itself that the terms of the decree are fair and adequate and are not unlawful, unreasonable, or against public policy." *United States v. Hooker Chems. & Plastics Corp.*, 540 F. Supp. 1067, 1072 (W.D.N.Y. Apr. 30, 1982).

Here, the Consent Judgment is reasonable because it fully resolves the actual claims alleged in the Complaint and serves the goals of the FLSA.

    **A.    The proposed consent judgment resolves the claims alleged by the Acting Secretary.**

A consent judgment may be found reasonable if "the consent decree reflects a resolution

of the actual claims in the complaint." *Citigroup*, 752 F.3d at 295. Here, the Department of Labor seeks an order finding Defendants liable for unpaid minimum wage and overtime compensation, and an injunction permanently restraining defendants from violating the provisions of sections 3(m)(2)(B), 6, 7, 11(c), and 15 of the FLSA. The Consent Judgment requires payment of $52,500 in back wages and an equal amount in liquidated damages, plus $10,000 in civil money penalties, for a total of $115,000. Thus, the consent judgment resolves the Acting Secretary's claims for back wages, liquidated damages, and injunctive relief under the FLSA.

        **B.**        **The proposed consent judgment furthers the goals of the FLSA.**

Congress enacted the FLSA with "broad remedial intent" to address "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 396 (6th Cir. 2017); 29 U.S.C. § 202(a). Congress sought to ensure such conditions could be remedied as swiftly as possible. *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015). To accomplish these goals, Congress provided the Department of Labor with the authority to seek remedial action against violators of the FLSA. 29 U.S.C. § 204.

Entry of the Consent Judgment would further these goals. The Consent Judgment provides employees with back wages and liquidated damages and enjoins Defendants from future FLSA violations—and does so immediately without the delay of further litigation.

**III.**        **The proposed Consent Judgment is in the public interest.**

Lastly, courts "must consider whether the decree is 'consistent with the public objectives sought to be attained by Congress.'" *Lexington-Fayette Urban County Gov't*, 591 F.3d at 490 (quoting *Williams v. Vukovich*, 720 F.2d 909, 923 (6th Cir. 1983)). The Consent Judgment is in the public interest by publicly and fully resolving the Acting Secretary's allegations and enjoining future FLSA violations.

## CONCLUSION

For the reasons set forth above, the Acting Secretary respectfully requests that the Court approve and enter the Consent Judgment attached as Exhibit 1.

Date: October 3, 2024

Respectfully Submitted,

**SEEMA NANDA**
Solicitor of Labor

U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn Street
Suite 844
Chicago, Illinois 60604
312.353.1218
jenkins.haley.r@dol.gov

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/ Haley R. Jenkins*
**HALEY R. JENKINS**
Trial Attorney

*Counsel for Julie A. Su, Acting Secretary of Labor, United States Department of Labor, Plaintiff*