UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor,<br>United States Department of Labor,<br><br>      Plaintiff,<br><br>   v.<br><br>THE SAUCY CRAB GRAND RAPIDS,<br>INC. *et al.*,<br><br>      Defendants. | Case No. 1:23-cv-00754-RJJ-RSK<br><br>Hon. Robert J. Jonker<br>Mag. Judge Ray S. Kent |

## **CONSENT ORDER AND JUDGMENT**

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor, has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. §§ 201, *et seq.*) ("FLSA"), and Defendants The Saucy Crab Grand Rapids, Inc. d/b/a The Saucy Crab and Jixi Qiu (collectively, "Defendants") have appeared by counsel and agree to the entry of this Consent Order and Judgment without contest.

Defendants admit they are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit they are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit they are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

The Court has no basis upon which to disagree with these admissions.

Upon motion of attorneys for the Acting Secretary and Defendants and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to Section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 3(m), 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) the FLSA, in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 203(m)(2)(B), 206, and 215(a)(2), pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at rates less than $7.25 an hour, or any rate subsequently made applicable by amendment to the FLSA, by operating an invalid tip pool.

   a. For purposes of Paragraph 1, prohibited actions include, without limitation: (1) requiring servers to participate in a mandatory tip pooling arrangement where tips are distributed to non-customarily tipped employees, such as kitchen staff; (2) taking a tip credit against Defendants' minimum wage violations based on an invalid tip pool; and (3) failing to pay employees at least $7.25 per hour due to an invalid tip pool.

2. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to, any of their employees working at any of Defendants' locations or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than 40 hours, unless said employees receive compensation for their employment in excess of 40 hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

    a.  For purposes of Paragraph 2, prohibited actions include, without limitation: (1) failing to pay any employee the half-time premium for hours worked over 40 in a workweek; and (2) shortening any employees' overtime hours, thus failing to pay those workers all overtime compensation due.

  3.  Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

  4.  Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their current or former employees because the current or former employee engages in any of the following activities:

    a.  Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

    b.  Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship;

      c.      Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

5.      Defendants shall accurately record all employees' names, addresses, social security numbers, hours worked, wages paid, and rates of pay on their payroll records.

6.      Defendants shall ensure that payroll records accurately reflect all hours worked and amounts paid to their employees whether paid by check or cash.

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Acting Secretary and against Defendants in the total amount of $115,000, plus post-judgment interest as set forth in Exhibit A.

7.      The Acting Secretary shall recover from Defendants the sum of $52,500 in unpaid minimum wage and overtime compensation covering the period from June 1, 2020 to September 23, 2022 (the "Investigation Period"), for Defendants' current and former employees whose names are listed in the attached Exhibit B, and the additional sum of $52,500 in liquidated damages (for a total of $105,000).

      a.      Defendants shall make payments in the amounts and on the dates specified in Exhibit A by ACH transfer, credit card, debit card, or digital wallet using the Pay.gov system by going to https://www.pay.gov/public/form/start/77692637 or by going to www.pay.gov and searching "WHD Back Wage Payment – Midwest Region." A three calendar-day grace period shall be allowed for receipt of each payment that is required by this paragraph. If Defendants fail to make any payment within that three calendar-day grace period, all remaining installment payments shall become immediately due and payable, without presentment, demand, protest or notice of any kind, all of which Defendants hereby expressly waive.

4

      b.      Defendants have furnished to the Acting Secretary the Social Security number and last known address for each employee named in Exhibit B.

      c.      Upon receipt of payment from Defendants, representatives of the Acting Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Acting Secretary.

      d.      Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return of any sums paid under this Consent Order and Judgment.

      e.      If an individual named on Exhibit B refuses any sums paid under this Consent Order and Judgment by attempting to return them to Defendants or to anyone on Defendants' behalf, Defendants shall refuse to accept them and shall ensure that all such sums be immediately paid to the Acting Secretary for deposit as above. Defendants shall have no further obligations with respect to such monies.

      f.      Any monies not disbursed by the Department of Labor after three years from the date of payment by Defendants, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to Section 16(c) of the FLSA.

      g.      The provisions of this Consent Order and Judgment shall not in any way affect any legal right of any individual not named on Exhibit B, nor shall the provisions in any way affect any legal right of any individual named on Exhibit B to file any action against Defendants for any violations alleged to have occurred outside the period from .

8. In addition to the amounts set forth in ¶ 7, the Acting Secretary shall recover from Defendants the sum of $10,000 in civil money penalties owed pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c). Payment of the civil money penalties is due on the date specified in Exhibit A. Payment shall be made by ACH transfer, credit card, debit card, or digital wallet at http://pay.gov/public/form/start/77734516 or www.pay.gov and searching "WHD Civil Money Penalty Payment – Midwest Region."

9. In the event Defendants fail to make payment within five calendar days of entry of this Consent Order and Judgment and are not otherwise up-to-date on the total owed under this Consent Order and Judgment, then Defendants consent to the entry of a Writ of Execution, consistent with the terms of this Consent Order and Judgment and pursuant to Federal Rule of Civil Procedure 69, to enforce the monetary terms of this Consent Order and Judgment. Such a writ of execution shall be limited to the pending balance of the Defendants' monetary obligations under this Consent Order and Judgment at the time such writ is issued. The Acting Secretary may represent in filing for such a writ that Defendants consent to its issuance. In the event a writ of execution is entered by the Court, the Acting Secretary may engage in discovery in aid of execution as permitted by the Federal Rules of Civil Procedure. However, the Acting Secretary may not take any steps to enforce this Consent Order and Judgment absent a default by Defendants under the terms of this Consent Order and Judgment.

10. By entering into this Consent Order and Judgment, Plaintiff does not waive her right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 8th day of October, 2024.

                                                       /s/ Robert J. Jonker
                                                           _____
                                                           Hon. Robert J. Jonker
                                                           United States District Judge

Entry of this judgment
is hereby consented to:

For Defendants:

Date 9/26/2024

/s/ _____
THE SAUCY CRAB GRAND RAPIDS, INC.
President/Owner

/s/ _____
**JIXI QIU,** individually

/s/ _____
Jian Hang, Esq.
136-20 38th Ave., Suite 10G
Flushing, New York 11354
Tel: 718.353.8588
Fax: 718.353.6288
E-mail: jhang@hanglaw.com

*Attorney for Defendants*

For Plaintiff:

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/ Haley R. Jenkins*
**HALEY R. JENKINS**
IL Bar No. 6324112
Trial Attorney

U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Room 844
Chicago, IL 60604
Telephone: (312) 596-5437
Email: jenkins.haley.r@dol.gov

*Attorneys for Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor*

8

## EXHIBIT A

The following constitutes the complete payment schedule, including post-judgment interest calculations, agreed to by the parties in the foregoing Consent Order and Judgment:

| Payment Deadline[1] | Base Amount Due | Nature of Base Amount | Interest Due | Total Due |
|---|---|---|---|---|
| Execution of Consent Order and Judgment ("COJ") by Defendants The Saucy Crab Grand Rapids, Inc. and Jixi Qiu | $46,000 | Back Wages | $0 | $46,000 |
| 30 days after entry of COJ | $11,800 | Back Wages / Liquidated Damages | $472 | $12,272 |
| 60 days after entry of COJ | $11,800 | Liquidated Damages | $472 | $12,272 |
| 90 days after entry of COJ | $11,800 | Liquidated Damages | $472 | $12,272 |
| 120 days after entry of COJ | $11,800 | Liquidated Damages | $472 | $12,272 |
| 150 days after entry of COJ | $11,800 | Liquidated Damages | $472 | $12,272 |
| 180 days after entry of COJ | $10,000 | Civil Money Penalty | $400 | $10,400 |

---

[1] Should any payment deadline fall on a federal holiday or weekend, payment will be considered timely if made on or before the first business day following that holiday or weekend.

**EXHIBIT B**[2]

| Employee Name | Back Wages | Liquidated Damages |
|---|---|---|
| Castillo, V. | | |
| Clark, A. | | |
| Clarke, T. | | |
| Collins, M. | | |
| Cook, A. | | |
| Corey, E. | | |
| Flowers, A. | | |
| Gonzales, N. | | |
| Hunter, A. | | |
| Lake, S. | | |
| Le, K. | | |
| Leahy, A. | | |
| Masanta, S. | | |
| McGee, C. | | |
| Meza, A. | | |
| Montgomery, J. | | |
| Murry, K. | | |
| Navarro, N. | | |
| Poe, T. | | |
| Russell, A. | | |
| Stevens, D. | | |
| Sweet, L. | | |
| Tekeste, B. | | |
| Turnbull-Jackson, D. | | |
| Vogel, T. | | |
| Walton, B. | | |
| Williamson, A. | | |
| Wilson, D. | | |
| | **TOTAL** | **$105,000.00** |

---

[2] Please note that the Acting Secretary is including only the first initial of each individual's name for privacy purposes. The Defendants have separately been provided a list of full names.